The opinion of the court was delivered by
DeBlanc, J.
On the 2d of October, 1879, the State of Louisiana-through the Attorney General — joined by E. V. Hitch, whose interest in this matter is not disclosed by the pleadings, filed in the 5th District Court, then in vacation, a petition which does not bear the signature of the Attorney General, in which it is alleged that the Citizens’ Savings Bank has mismanaged its affairs and violated its charter, and in which it is prayed that said charter be declared forfeited, the liquidation of the Bank ordered, an inventory taken of its assets, a commissioner appointed to take charge of the liquidation, and all proceedings against it stayed, on the grounds — 1st: that it has refused to receive and to pay deposits — 2d: that it has failed to pay and credit interest on deposits — 3d: that it has not invested deposits in the securities authorized by the charter, but has invested them in other and unauthorized ways — 4th: that its capital stock has been reduced, its checks and drafts dishonored, its *837 'insolvency acknowledged by its directors, and its dissolution deemed expedient by the holders of at least three fourths of its-stock.
In its answer, which — as the petition — was filed on the 2d of October, the defendant admitted the correctness of every charge upon which the demand is based, but denied that it had forfeited its charter, and — on the same day — submitted the case to the decision of the court.
On the 2d of October, the judge — considering the petition, the an■swer and the evidence — and the whole of that evidence was the Bank’s ■admission — declared that it was necessary for an officer of the court to take charge of the property and assets of defendant, and — in conformity to the parties’ pleadings — appointed as commissioners of the Bank, E. V. Hitch and P. H. Legendre, ordered an inventory of its assets and stayed all proceedings against it.
The commissioners thus appointed qualified on the 2d of Oetober ■■and — on the 10th of said month— applied for and obtained an order to •sell, on conditions which they themselves fixed, the banking-house and furniture belonging to defendant.
From the order of the 5th District Court, rendered at chambers and on the 2d of October, Frank Morey — a stockholder — has appealed.
The first section of the act of 1842, on which it is conceded that plaintiff’s action is based, provides in plain terms that, in such an action as this, it is the Attorney General himself who shall present the petition,, and he is directed so to do whenever any bank of this State — located in the city of Hew Orleans — shall have incurred the forfeiture of its charter. Under that act, he — or the district attorney — must first ascertain that the forfeiture has been incurred; and that done, they, or either of them, •can alone present a petition to have the corporation dissplved. It is a •special duty imposed upon them as public officers, one which is attached •to their official capacity, and which they can not confide or delegate to others.
Act of 1842, p. 234, sect. 1.
The appellant does not — as defendant’s counsel seems to believe— deny that the attorney who prepared and filed the answer, was authorized to do so ; but he denies — and in this he is right — that the officers • of the Bank, who are mere agents, with limited powers, could — as they did in this instance — have waived the service of the petition which threatened the very existence of the corporation which they represented, •waived the necessity of the otherwise indispensable citation, waived the usual delay within which third parties may intervene to protect their in-terest; and — more particularly — that they could, legally, have assumed the extraordinary privilege of virtually confessing the forfeiture of the •charter, and the necessity of an immediate liquidation of the Bank, and —by that confession — which was filed as soon as prepared, and acted *838 upon as soon as filed, compel the transfer to chosen commissioners of the property and assets of said Bank.
Defendant alleges in his brief, but neither in the petition, nor in. the answer, is it alleged that by a vote of three fourths in majority of the stockholders, it had been resolved that it was necessary to liquidate-the Bank. If any of the stockholders did think and determine that the liquidation was expedient, why didn’t they join the Attorney General, verify the pretended violations of the charter and ask its forfeiture ?' Their tardy approval of the proceedings instituted by one who is designated by counsel as' an informant, a nominal party, could — in no way— affect and impair the rights of the other stockholders, and validate — as. to them — the irregular proceedings by which they were inevitably taken by surprise.
It has not been alleged by either a creditor, a stockholder, or any one authorized to represent the State — nor has it been shown, except by a confession which we do not impugn, but which — in this particular instance — we do not consider as conclusive, that the Bank has mismanaged its affairs, and — as charged — deliberately failed to conform to the provisions of the act by which it was incorporated, and its assets could not have been — as they were — under these most informal proceedings— transferred into the hands of commissioners, whose appointment was so sudden, that its propriety could not have been inquired into and contested. That propriety was tacitly recognized by the order appealed from, but it was not — as it should have been — judicially ascertained.
16 A. 27. 5 R. 63.
The petition and the affidavit thereto attached, the answer and submission to the court, the order which — in its effects — is equivalent to a decree of forfeiture, the oath of the commissioners and their bond, bear but one and the same date — the 2d of October — and as fair as they may be, those proceedings were conducted with a celerity, which — whether-intentionally or not — -did effectually close the door against the most legitimate interventions ; and, in as much as no attempt has been made-to justify it — that unusual celerity casts a shadow on the assailed .order,, and can not be sanctioned.
It is — therefore—decreed that the order of October 2d, 1879, and the proceedings had thereunder, be and they are hereby avoided and annulled, and this action dismissed as in case of nonsuit, at plaintiff’s-costs in both courts.